UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 24-cv-1261

| | |
|---|---|
| Pamela Julin,<br><br>　　　　　Plaintiff,<br>v.<br><br>Gurstel Law Firm P.C., River Heights Capital LLC, and Pride Acquisitions LLC,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This action arises out of Defendant Pride Acquisitions LLC ("Defendant Pride"), Defendant River Heights Capital LLC ("Defendant River Heights"), and Defendant Gurstel Law Firm P.C. ("Defendant Law Firm") (collectively "Defendants") violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524, Invasion of Privacy, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 11 U.S.C. § 524, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

1

3.  Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

**PARTIES**

4.  Plaintiff Pamela Julin (hereinafter "Plaintiff"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Aitkin, County of Aitkin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant River Heights is a collection agency whose principal purpose is to purchase defaulted debts and seek to collect them. Defendant River Heights has its headquarters located at 26901 Agora Road, Suite 155, Calabasas, CA 91301. Defendant River Heights has an agent for service of Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113. Defendant River Heigh regularly attempts to collect consumer debts alleged to be due to another and/or who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts. Defendant River Heights is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant Law Firm is a law firm with its principal place of business located at 6681 Country Club Drive, Golden Valley, MN 55427. Defendant's agent for service is CT Corporation System Inc., 1010 Dale Street N, St. Paul, MN 55117. Defendant Law Firm is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant Pride Acquisitions is a collection agency whose principal purpose is to purchase defaulted debts and seek to collect them. Defendant Pride Acquisitions has its headquarters located at 112 County Road 921, Angleton, TX 77515. Defendant Pride Acquisitions has an agent for service of ????. Defendant Pride Acquisitions regularly attempts to collect consumer debts alleged to be due to another and/or who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts. Defendant Pride Acquisitions is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL SUMMARY

8. Sometime before 2011, Plaintiff incurred a debt with a credit card company specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5), that credit card company, in turn, sold this debt to Defendant Pride Acquisitions,

9. On or about November 30, 2011, Defendants Pride Acquisitions and Law Firm obtained a judgement against Plaintiff in Aitkin County in the amount of $45,979.66, Court File No. 01-CV-11-1144.

10. The Judgment was set to expire on November 30, 2021, therefore Defendants Pride Acquisitions and Law Firm renewed the Judgment and therefore, on or about September 14, 2021 action was taken to renew the judgment.

11. According to Akin County Court records Defendants Pride Acquisitions and Law Firm obtained a renewed judgment against Plaintiff for the outstanding debt in the amount of $64,427.17, on September 16, 2021.

12. Plaintiff unable to pay her financial obligations commenced a Chapter 7 Bankruptcy on May 31, 2023, U.S. Bankruptcy Court, District of Minnesota, Case No. 23-50275.

13. According to the United States Bankruptcy Court records on September 16, 2023, Defendants Pride Acquisitions and Law Firm received notice of Plaintiff's bankruptcy via the Bankruptcy Noticing Center via first-class mail and also through email to bankruptcy@gurstel.com.

14. On September 15, 2023, Plaintiff's Chapter 7 Bankruptcy was discharged by the Court and the Defendants Pride Acquisitions and Law Firm received notice of the Discharge Order from the Court.

15. Despite receiving notice from the Bankruptcy Noticing Center, and contrary to the Plaintiff's Bankruptcy filing and discharge of the debt, upon information and belief, Defendants Pride Acquisitions and Law Firm sold or assigned Plaintiff's discharged account/judgment to Defendants River Heights for continued collection purposes, in violation of 11 U.S.C. § 524.

16. Defendants Pride Acquisitions and Law Firm sent a notice or in some way communicated to Defendant River Heights that Plaintiff had filed for bankruptcy.

17. In the alternative, Defendant Law Firm uses bankruptcy scrub procedures and was aware or should have been aware that Plaintiff had filed bankruptcy and discharged the Defendant Pride Acquisitions debt.

18. On October 9, 2023, Plaintiff's bankruptcy attorney's office served Defendant Law Firm with a Notice of Application of Discharge of Judgment due to bankruptcy and then filed the same with the Aitkin County Court an Application for Discharge of Judgment due to bankruptcy on November 1, 2023.

19. On November 7, 2023, Aitkin County Court ordered the Certification of Discharge of Judgment.

20. Then on or about February 6, 2024, Defendants filed an Assignment of Judgment with the closed Aitkin County District Court for Court File No. 01-CV-21-874.

21. Unbeknownst to Plaintiff and because Defendants filed the Assignment of Judgment with the Court the Judge filed a renewed judgment against Plaintiff, despite the judgment being discharged, on February 7, 2024.

22. Plaintiff received a copy of the Order for Judgment in the mail from the Aitkin County Court on or about February 7, 2024.

23. Then on or about March 5, 2024, Defendant Law Firm filed an Affidavit of Increased Costs on the discharged judgment, in violation of 15 U.S.C. §§ 1692d, 1692e, 162e(5),1692f and 11 USC 524.

24. Because the debt was included and discharged in Plaintiff's bankruptcy, Defendants River Heights and Law Firm's demand for payment through obtaining a new judgment violated 15 U.S.C. §§ 1692d, 1692e, 162e(5), and 1692f.

25. Defendants' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendants Pride Acquisitions and Law Firm having received and documented direct notice of Plaintiff's bankruptcy.

26. Plaintiff has suffered emotional distress, fear, stress, anxiety, and loss of sleep because of Defendants' illegal conduct.

## TRIAL BY JURY

27. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

## BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524 - AGAINST DEFENDANTS PRIDE ACQUISITIONS AND LAW FIRM

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29. Defendant Pride Acquisitions' actions by presenting to Plaintiff, through Defendant Law Firm, an attempt to collect on a debt that had been included in a bankruptcy, violated the discharge injunction.

30. Defendants' actions in attempting to collect the alleged debt included and discharged in Plaintiff's bankruptcy were willful.

31. In its actions set forth above, Defendants have violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

32. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendants are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.* – AGAINST DEFENDANTS LAW FIRM AND RIVER HEIGHTS

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendants Law Firm and River Height's above-stated acts and omissions violate the FDCPA, including, but not limited to, each one of the above-cited provisions of the

FDCPA described in the paragraphs above, 19-26.

35. Defendants Law Firm and River Height's violations have caused Plaintiff actual damages in the form of emotional distress and mental anguish.

36. As a result of Defendants Law Firm and River Height's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs, according to 15 U.S.C. § 1692k(a)(3).

## COUNT III.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION – AGAINST ALL DEFENDANTS

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having the knowledge that Plaintiff had filed for personal bankruptcy protection, Defendants continued to harass Plaintiff to collect a debt that was included in Plaintiff's bankruptcy petition.

39. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

40. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

41. As a result of the Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an

award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants are follows:

- Find Defendants in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations;
- An order be entered declaring that Defendants Law Firm and River Height's actions as described above violate the FDCPA;
- Judgment be entered against Defendants Law Firm and River Heights for actual damages, under 15 U.S.C. § 1692k(a)(1);
- Judgment be entered against Defendants Law Firm and River Heights for statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- The Court award costs and reasonable attorney's fees, under 15 U.S.C. § 1692k(a)(3) against Defendants Law Firm and River Heights;
- Awarding actual damages for Defendants' illegal intrusion upon Plaintiff's seclusion; and
- For such other and further relief as may be just and proper.

Dated: April 10, 2024

Respectfully submitted,

By: _s/ Carter B. Lyons_
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Pamela Julin, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not intended for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes outlined in it.

Dated this 9th day of April 2024.

                                                           s/Pamela Julin
                                                           Pamela Julin